UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL T. KALITA,**

      **Plaintiff,**

v.     Case No:   6:15-cv-355-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**MEMORANDUM OF DECISION**

Michael T. Kalita (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability benefits. Doc. No. 1; R. 54-56. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) failing to consider and weigh Drs. Roberto Mixco's, Fairuz Matuk's, J.E. Rojas', Krishna Vara's, and Alvin Barber's opinions; 2) assigning little weight to Dr. Richard Gayles' opinion; and 3) failing to include all of the limitations contained in Drs. Joseph Mignogna's and Gary Weiss' opinions. Doc. No. 29 at 18-29. Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings. *Id*. at 34-35. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     PROCEDURAL HISTORY.**

In August of 2004, Claimant filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of June 27, 2003. R. 54-56, 318. On September 21, 2006, the assigned ALJ entered a decision finding Claimant was

not disabled. R. 15-21. On September 28, 2006, Claimant requested the Appeals Council review the ALJ's decision. R. 10-11. On April 19, 2007, the Appeals Council denied Claimant's request for review. R. 5-7.

On June 18, 2007, Claimant appealed the Commissioner's final decision to this Court. *Kalita v. Comm'r of Soc. Sec.* (*Kalita* 1), Case No. 6:07-cv-1025-Orl-GJK, Doc. No. 1 (M.D. Fla.). In May of 2007, while the case was pending on appeal, Claimant filed additional applications for DIB and SSI. R. 318, 390. On September 7, 2007, the State agency found Claimant disabled as of April 14, 2007. *Id*. On August 13, 2008, the Court entered a Memorandum of Decision reversing and remanding the Commissioner's decision for further proceedings. *Kalita* 1, Case No. 6:07-cv-1025-Orl-GJK, Doc. No. 18; R. 371-89.

On January 23, 2009, the Appeals Council entered an order remanding this case to an ALJ. R. 397-99. In it, the Appeals Council acknowledged the State agency's favorable finding, but concluded the finding was erroneous. R. 397-98. Accordingly, the Appeals Council set aside the State agency's decision, combined Claimant's claims, and returned them to a different ALJ "to reconcile the opposite results reached in the hearing decision dated September 21, 2006 and the initial determination made on September 7, 2007 and issue a new decision that considers the full period." R. 397.

On June 24, 2010, the ALJ entered a decision denying Claimant's request for DIB, finding he was not disabled through his date last insured, March 31, 2008. R. 341-48. However, the ALJ granted Claimant's request for SSI, finding he became disabled on December 1, 2009. *Id*. On July 19, 2010, Claimant requested the Appeals Council review the ALJ's decision. R. 319. On February 18, 2014, the Appeals Council entered its decision. In it, the Appeals Council denied Claimant's request for DIB, explaining:

> For the period before March 18, 2009, the Appeals Council adopts the following findings from the [ALJ's] decision: the criteria of the Listings were not met or equaled; the claimant retained the residual functional capacity to do work involving lifting up to 40 pounds, with no repetitive bending or twisting, pushing or pulling, or climbing of ladders or scaffolds; and the claimant could return to past relevant work as a security guard or office worker. Thus, for the period before March 18, 2009, the claimant was not disabled.

R. 321-22. Consistent with this finding, the Appeals Council rejected the ALJ's finding concerning the date on which Claimant became disabled, concluding Claimant became disabled on March 18, 2009, as opposed December 1, 2009. R. 319, 321. Therefore, the Appeals Council granted Claimant's request for SSI. R. 321-22. This appeal followed, and focuses on the Commissioner's determination that Claimant was not disabled anytime between June 27, 2003, the alleged onset date, and March 18, 2009, the date the Appeals Council found Claimant became disabled. Doc. No. 29.

## II.    STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the

decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

This appeal focuses on the Appeals Council's consideration, or lack thereof, of several treating and examining physicians' opinions. As previously mentioned, Claimant maintains the Appeals Council: 1) failed to consider and weigh Drs. Mixco's, Matuk's, Rojas', Vara's, and Barber's opinions; 2) erred in assigning little weight to Dr. Gayles' opinion; and 3) failed to include all of the limitations contained in Drs. Mignogna's and Weiss' opinions. Doc. No. 29 at 18-29.[1] Claimant maintains these opinions contain more restrictive limitations than those contained in the ALJ's residual functional capacity ("RFC") determination, which was adopted by the Appeals Council. *Id*. at 19, 26, 28-29.[2] Accordingly, Claimant argues the Commissioner's final decision is not supported by substantial evidence. In response, the Commissioner argues the Appeals Council committed no error with respect to any of the above opinions, and the Appeals Council's decision is supported by substantial evidence. *Id*. at 29-34.

The Court will first consider Claimant's argument that the Appeals Council erred by not considering and weighing Drs. Mixco's, Matuk's, Rojas', Vara's, and Barber's opinions.

---

[1] Claimant also argues the Appeals Council failed to consider and weigh the September 12, 2005 vocational report and opinion of Joyce Johnson, a certified vocational evaluator. Doc. No. 29 at 22 (citing R. 108-11). Claimant cites no authority requiring such an opinion to be weighed. *Id*. At least one court in this District has faced a similar argument regarding a vocational report and opinion from Ms. Johnson, and concluded such "opinions had no bearing on the ALJ's decision and he need not give [such] opinions any weight." *Hood v. Comm'r of Soc. Sec.*, Case No. 6:08-cv-663-Orl-DAB, 2009 WL 2460762, at *6 (M.D. Fla. Aug. 10, 2009). Further, the Court finds nothing in the report and opinion directly conflicts with the ultimate RFC determination. *Compare* R. 108-11 *with* R. 321. Accordingly, the Court finds neither the ALJ nor the Appeals Council erred with respect to Ms. Johnson's opinion.

[2] "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

On January 25, 2002, Claimant began treating with Dr. Mixco, a neurologist, for complaints of neck and back pain following a work related accident. R. 138. On that date, Dr. Mixco examined Claimant and diagnosed him with "cervical and lumbar sprain/strain with some degree of cervical radiculopathy." R. 139. Dr. Mixco opined that Claimant can perform "light duty" at work, with "no lifting more than ten (10) pounds, and no excessive bending and stooping." *Id*.[3]

Dr. Mixco subsequently referred Claimant to Dr. Matuk, an orthopedic surgeon, for "evaluation and management of cervical and lumbar disc disease." R. 140. On May 20, 2002, Claimant saw Dr. Matuk, who reviewed Claimant's history, medical records, and conducted a physical examination. R. 140-42. Dr. Matuk opined that he "agree[d] with plans to keep

---

[3] It appears Claimant was working as a laborer at a construction site when he injured his neck and back. R. 575-76.

[Claimant] on light duties with limitations." R. 143.[4] This is the only occasion Dr. Matuk examined Claimant, thus he is not a treating physician. 20 C.F.R. §§ 404.1502, 416.902. ("Nontreating source means a physician . . . who has examined you but does not have, or did not have, an ongoing treatment relationship with you.").

In July of 2003, Claimant began treating with Dr. Rojas for complaints of left elbow pain. R. 189. On September 30, 2003, Dr. Rojas performed an olecranon bursectomy of Claimant's left elbow. R. 218. On March 5, 2004, Dr. Rojas opined Claimant should continue "light duty" work status with no lifting over ten (10) pounds. R. 183-84.

On November 11, 2004, Dr. Vara performed a one-time physical examination of Claimant. R. 191. Dr. Vara diagnosed Claimant with various impairments including chronic low back pain post laminectomy. R. 194. Dr. Vara opined Claimant "may function at jobs that require no lifting more than ten (10) pounds and sit and stand as tolerated." *Id*.

On August 28, 2007, Dr. Barber performed a one-time physical examination of Claimant. R. 496. Dr. Barber diagnosed Claimant with various impairments including degenerative disc disease of the lumbar spine and arthralgia of his hands, elbows, shoulders and knees. R. 499. Dr. Barber opined Claimant "could" be limited in waking and standing for "long periods of time," lifting and carrying "heavy objects," and performing activities requiring the use of "upper body movements and coordinated activities with hands." *Id*. Dr. Barber also opined Claimant "cannot walk long distances without [an] assistive device." *Id*.

At step two of the sequential evaluation process, the Appeals Council adopted the ALJ's step two findings, thus finding Claimant suffers from the following severe impairments: degenerative disc disease of the lumbar, thoracic and cervical spine with radiculopathy. R. 319;

---

[4] It is not clear with whom Dr. Matuk agrees, but given Claimant was referred to him by Dr. Mixco, it appears he agrees with the limitations set by Dr. Mixco. *See* R. 140-43.

*see* R. 343-44.  At step four of the sequential evaluation process, the Appeals Council found that prior to March 18, 2009, Claimant "had the [RFC] to do work involving lifting up to 40 pounds, with no repetitive bending or twisting, pushing or pulling, or climbing of ladders or scaffolds." R. 321.[5]  In reaching this RFC, the Appeals Council adopted the ALJ's step four findings, including his RFC determination, to the extent those findings accurately reflected Claimant's RFC prior to March 18, 2009.  *Id*.  Further, in reaching this RFC, neither the ALJ nor the Appeals Council discussed or weighed Drs. Mixco's, Matuk's, Rojas' or Vara's opinions.  R. 318-22, 341-48.  The ALJ also did not discuss or weigh Dr. Barber's opinion, but the Appeals Council did discuss his opinion, but it did not assign it any weight.  R. 320, 341-48.

The Commissioner tacitly acknowledges the ALJ and Appeals Council did not weigh Drs. Mixco's, Matuk's, Rojas', Vara's or Barber's opinions.  *See* Doc. No. 29 at 31-32.  The Commissioner suggests this failure does not constitute reversible error since there is no rigid requirement the ALJ or the Appeals Council refer to every piece of evidence.  *Id*. (citing *Adams v. Comm'r of Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (per curiam) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).  The Commissioner maintains it is "reasonably clear" what weight the ALJ and Appeals Council assigned to the above opinions, and thus essentially argues the failure to weigh the above opinions is harmless error.  *Id*. at 32.

In spite of the Commissioner's argument, the Court finds the Appeals Council erred by not weighing Drs. Mixco's, Matuk's, Rojas', Vara's and Barber's opinions.  *Winschel*, 631 F.3d at 1178-79.  The Commissioner's reliance on *Adams* and *Dyer* is misplaced.  The Commissioner

---

[5] The Appeals Council did not specify whether Claimant is limited to sedentary, light, medium, hard or very hard work.  *See* R. 321.  Nevertheless, based on the Appeals Council's RFC determination, Claimant would have had the RFC to perform medium work prior to March 18, 2009.  20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.").

cites these cases for the proposition that there is no rigid requirement that every piece of evidence be discussed in the decision. Doc. No. 29 at 31-32. However, this principal does not supersede the requirement to state with particularity the weight assigned to each medical opinion. *Winschel*, 631 F.3d at 1178-79. That was not done here, thus the Court finds the Appeals Council erred.

Further, the Court finds the error is not harmless. The failure to weigh a medical opinion will, in limited circumstances, result in harmless error. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless."); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted). Here, the opinions at issue conflict with the Appeals Council's RFC determination. For example, Drs. Mixco, Rojas, and Vara each opined Claimant can lift no more than ten (10) pounds. R. 138-39, 183-84, 191-94. However, the Appeals Council, without discussing or weighing these opinions, determined Claimant could lift up to forty (40) pounds.[6] In light of this and other conflicts, the Court finds the Appeals Council's failure to weigh Drs. Mixco's, Matuk's, Rojas', Vara's and Barber's opinions is not harmless error. Accordingly, the Appeals Council's decision must be reversed so all of the medical opinions can be weighed.[7]

---

[6] The Court is mindful that Dr. Mixco's opinion predates the disability onset date by approximately one and a half years. This fact does not necessarily render Dr. Mixco's opinion irrelevant, especially considering Drs. Rojas' and Vara's opinions, which included the same lifting limitation and were rendered during the period in question. R. 138-39, 183-84, 191-94.

[7] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc.*

As a final matter, the Court must consider Claimant's request that the case be remanded for an award of benefits. Doc. No. 29 at 34-35. Claimant essentially argues the Medical-Vocational Guidelines direct a finding of disabled. *Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.14). The Court finds reversal for an award of benefits is not warranted. Reversal for an award of benefits is appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Here, the Commissioner has not weighed all of the essential evidence. *See supra* pp. 7-8. Thus, it is not clear whether the evidence establishes disability beyond a doubt. Further, Rule 201.14 only applies to individuals limited to sedentary work. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.14. The Appeals Council essentially limited Claimant to medium work, R. 321, thus Rule 201.14 does not currently apply. Moreover, the Court cannot find Claimant is limited to sedentary work as that would involve a reweighing of conflicting evidence. *Phillips*, 357 F.3d at 1240 n.8. For these reasons, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

## IV.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

*Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). While the Court will not address Claimant's remaining arguments, the Court notes neither the ALJ nor the Appeals Council appeared to consider the retroactive aspect of Dr. Weiss' opinion. R. 347, 318-22, 441-43. Therefore, on remand, the Commissioner should also address the retroactive aspect of Dr. Weiss' opinion.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record